**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Door Doctor West, Inc., ) | CIV-08-0292-PHX-MHB |
| ) | |
| Plaintiff, ) | **ORDER** |
| ) | |
| vs. ) | |
| ) | |
| Overhead Door Doctor, Inc., ) | |
| ) | |
| Defendant. ) | |
| ) | |

Pending before the Court is Defendant Overhead Door Doctors, Inc.'s Motion to Amend Answer (Doc. #19). After considering the arguments raised by the parties in their briefing, the Court now issues the following ruling.

## BACKGROUND

This lawsuit arises from a Complaint filed by Plaintiff Door Doctor West, Inc., on February 14, 2008, alleging federal unfair competition and false designation of origin, dilution of Plaintiff's trademark rights, and state trademark infringement and unfair competition. According to the Complaint, Plaintiff is an Arizona corporation, operating in the greater Phoenix area since 2003, that "provides, among other services, door installation, repair, and replacement services for garage doors, including related hardware and control equipment."

On March 17, 2008, Defendant filed its Answer generally denying the allegations alleged in the Complaint and raising the affirmative defense that it had established rights in

1  the trademark Overhead Door Doctors, used continuously in commerce since 1998 and that
2  its rights were superior to any rights claimed by Plaintiff.
3       On June 12, 2008, Defendant filed a Motion to Amend Answer.  Plaintiff filed an
4  Opposition and Response on June 30, 2008, and Defendant filed a Reply on July 8, 2008.

## DISCUSSION

6       Defendant moves to amend its Answer to assert the affirmative defense that Plaintiff
7  lacks standing to bring its claims – and that this Court, therefore, does not have jurisdiction
8  since Plaintiff has no rights in its mark.  Based upon investigation into Plaintiff's claims,
9  Defendant asserts that it has discovered a federal registrant who owns the rights to the mark
10 Door Doctor.  Defendant contends that the subject mark has been used in interstate
11 commerce since February 24, 1976.  Defendant states that the application for registration of
12 the mark was granted a filing date of November 16, 2004, and that the mark has been
13 registered since January 10, 2006.  The services provided in association with the mark are
14 "installation, maintenance and repair of overhead garage doors and operators."  Defendant
15 claims that the owner of the mark, Dortronic Service, Inc., is still active and has never ceased
16 providing its services in association with the mark.

17      In response, Plaintiff alleges that Defendant is seeking to add an invalid defense to its
18 Answer.  Specifically, Plaintiff asserts that Defendant is raising the defense of *jus tertii* –
19 claiming that a third party has rights in the subject mark, which are superior to Plaintiff.
20 Plaintiff argues that the defense of *jus tertii* is unrecognized, invalid, and unnecessary under
21 trademark law.

22      Federal Rules of Civil Procedure 15(a) sets forth the standard on amending pleadings,
23 and dictates that "[t]he court should freely give leave [to amend] when justice so requires."
24 The Ninth Circuit has noted that "Rule 15's policy of favoring amendments should be
25 applied with extreme liberality."  Eldridge v. Block, 832 F.2d 1132, 1135 (9th Cir. 1987). A
26 court may deny a motion to amend, however, if there is a showing of undue delay or bad
27 faith on the part of the moving party, undue prejudice to the opposing party, or futility of the

- 2 -

proposed amendments. See Foman v. Davis, 371 U.S. 178, 182 (1962). The party opposing amendment bears the burden of showing prejudice, futility, or one of the other recognized reasons for denying a motion to amend. See DCD Programs, LTD v. Leighton, 833 F.2d 183, 187 (9th Cir. 1987). Prejudice to the opposing party is accorded the most weight, and absent prejudice, "there exists a *presumption* under Rule 15(a) in favor of granting leave to amend" unless a strong showing is made on one of the other factors. Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003) (emphasis in original).

Defendant seeks to raise the affirmative defense that Plaintiff lacks standing to bring its claim under Section 43(a) of the Lanham Act because it does not have a valid commercial interest in the subject mark. The Lanham Act provides for protection of unregistered trademarks in Section 43(a) (15 U.S.C. § 1125(a)). Under Section 43(a), "[a]ny person who, on or in connection with any goods or services ... uses in commerce any word, term, name, symbol, or device ... which is likely to cause confusion ... as to the affiliation ... of such person with another person ..." shall be liable in a civil suit "by any person who believes that he or she is or is likely to be damaged by such act." 15 U.S.C. § 1125(a)(1)(A). The U.S. Supreme Court has explained that Section "43(a) protects qualifying unregistered trademarks and that the general principles qualifying a mark for registration under § 2 of the Lanham Act are ... applicable in determining whether an unregistered mark is entitled to protection under § 43(a)." Two Pesos, Inc. v. Taco Cabana, Inc., 505 U.S. 763, 768 (1992); see Wal-Mart Stores, Inc. v. Samara Bros., 529 U.S. 205, 210 (2000).

Section 2 of the Lanham Act sets forth the requirements for registration of a mark.

> No trademark by which the goods of the applicant may be distinguished from the goods of others shall be refused registration ... on account of its nature unless it –
>
> . . .
>
> (d) Consists of or comprises a mark which so resembles a mark registered in the Patent and Trademark Office ... as to be likely, when used on or in connection with the goods of the applicant, to cause confusion, or cause mistake, or to deceive ... .

1   15 U.S.C. § 1052(d).

2   Defendant asserts that the two marks in question – Plaintiff's Door Doctor mark and
3   Dortronic Service, Inc.'s Door Doctor mark – are identical and, according to the Dortronic
4   Services, Inc.'s description of services in their Federal Registration and Plaintiff's
5   description of its service, both are used in commerce in connection with identical or similar
6   services. Therefore, Defendant claims that Plaintiff lacks standing since its mark is not a
7   qualifying mark under Section 43(a), as it is not registrable under Section 2 because it "so
8   resembles a mark registered in the Patent and Trademark Office ... when used ... in
9   connection with" the services of the Registrant. 15 U.S.C. § 1052(d).

10   The Court finds that Defendant's proposed affirmative defense of standing is
11   distinguishable from a *jus tertii* defense. Here, Defendant merely wishes to affirmatively
12   challenge Plaintiff's title to the mark. Because the sole basis for jurisdiction in this case is
13   based upon federal question jurisdiction arising out of the Lanham Act, this Court lacks
14   jurisdiction if Plaintiff cannot meet its burden to show a valid commercial interest in the
15   mark.

16   Furthermore, since the Motion to Amend was filed one month after the Case
17   Management Order was entered, the Court finds that the amendment will not cause any
18   undue delay or prejudice to Plaintiff. Defendant asserts after further investigation, it has
19   discovered new information regarding the ownership of the mark Door Doctor. Therefore,
20   the Court does not agree with Plaintiff's argument that Defendant's Motion was made in bad
21   faith. Lastly, since this case is still in its infancy, the Court cannot determine at this juncture,
22   if the amendment is futile.

23   Accordingly, because amendments should be freely granted, the request has been
24   timely made and for no improper purpose, and the proposed affirmative defense regarding
25   lack of standing does appear futile at this point, Defendant's Motion to Amend will be
26   granted.

27   ///

28

- 4 -

**IT IS ORDERED** that Defendant's Motion to Amend Answer (Doc. #19) is **GRANTED**;

**IT IS FURTHER ORDERED** that the Clerk of the Court shall file Defendant's Lodged Proposed Amended Answer (Doc. # 21).

DATED this 23rd day of October, 2008.

*Michelle H. Burns*
Michelle H. Burns
United States Magistrate Judge